IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEWING BRAND, | ) |
| Petitioner, | ) 4:05cv3194 |
| vs. | ) ORDER on INITIAL REVIEW |
| WILLIAM BILL GIBSON, | ) |
| Respondent. | ) |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus filed by the petitioner, Gewing Brand, who is in the custody of the Lincoln Regional Center pursuant to a judgment that he is mentally ill and dangerous. After Mr. Brand served prison sentences originating in 1978 on convictions for sexual assault, the County Attorney for Douglas County, Nebraska initiated an involuntary mental health commitment of the petitioner before the Fourth Judicial District (Douglas County) Mental Health Board. The petitioner states that he is not mentally ill and that he is not dangerous. Therefore, he seeks release from custody, because he is being held in violation of the Constitution and laws of the United States. It is not clear from the petition whether the petitioner is challenging his prior rape convictions, but he is certainly challenging his present, indefinite, continuing confinement under a mental health commitment.[1]

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States."  Id. § 2254(a).  Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.  In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

---

[1] The original convictions and even the initial commitment may be barred by the statute of limitations, but the continued confinement of the petitioner would not be barred as timely because of the continuing nature of the alleged violation.

1

This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended, states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636." On initial review of the petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

THEREFORE IT IS ORDERED:

1. That the Clerk of Court shall mail copies of the petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2. That, by November 1, 2005, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit the response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

DATED this 3rd day of October, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge